# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| DARRYL BEANS, | Case No.: 3:23-CV-109 |
| Plaintiff, | |
| v. | Judge Groh |
| FIRST HOME MORTGAGE CORPORATION, *et al.*, | ELECTRONICALLY FILED 4/27/2023 U.S. DISTRICT COURT Northern District of WV |
| Defendants. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446, Defendant Roundpoint Mortgage Servicing Corporation ("Roundpoint") hereby removes the above-captioned action to this Court from the Circuit Court of, Jefferson County, West Virginia.

1. Roundpoint is a Defendant in the civil action brought on March 23, 2023 in the Circuit Court of Jefferson County, West Virginia, Case No. CC-19-2023-C-55.

2. This case is removable under 28 U.S.C. §1441(a) because this is a civil action in which the District Courts of the United States have been given original jurisdiction under 28 U.S.C. §1332. Specifically, all defendants in this action are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3. There is complete diversity of citizenship among the parties to this action.

4. Plaintiff, Darryl Beans, is a resident citizen of the state of West Virginia residing at 1398 Rolling Lane, Harpers Ferry, West Virginia.

5. Defendant, First Home Mortgage Corporation, is a corporation with its principal place of business in Baltimore, Maryland.

6. Defendant, First Guaranty Mortgage Corporation is a limited liability company with its principal place of business in Plano, Texas.

7. Defendant, Rushmore Loan Management Services, LLC is a limited liability company with its principal place of business is in Irvine, California.

8. Defendant, Roundpoint, is a corporation with its principal place of business in Fort Mill, South Carolina.

9. To determine the amount in controversy, courts look first to the plaintiff's state court petition. The party invoking the jurisdiction of the court has the burden of proving that it appears to a reasonable probability that the clam is in excess of the statutory jurisdictional amount. *Scherer v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2nd Cir. 2003). There is a rebuttable presumption that the face of the complaint is a good-faith representation of the actual amount in controversy and to overcome the face of the complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount does not meet the jurisdictional threshold. Removability of a case depends upon the state of the pleadings and the record at the time of the application for removal. *Francis v. Allstate Ins. Co.*, 709 F.3d 362 (4th Cir. 2013).

10. The amount in controversy has been met because Plaintiff seeks statutory damages, actual damages, punitive damages, and recoverable attorneys' fees under the West Virginia Consumer Credit and Protection Act ("WVCCPA") for injuries related to the loss of his real property via the issuance of a delinquent tax deed to a third-party allegedly caused by Defendants' failure to pay the property tax from the Plaintiff's escrow account under the mortgage agreement between Plaintiff and the Defendants. Plaintiff also alleges damages for embarrassment, inconvenience, lost economic opportunities due to credit damage, lost property equity, emotional

distress damages, and out-of-pocket expenses. Attorneys' fees and punitive damages are specifically recoverable under the WVCCPA. Furthermore, under the WVCCPA, Plaintiff's claims, if successful, entitle him to an award of punitive damages and attorney's fees. In addition, Plaintiff's Complaint makes claims for unjust enrichment, breach of contract, gross negligence, and breach of fiduciary duty, related to the mortgage agreement and escrow account.

Plaintiff's combined claims are in excess of this Court's $75,000.00 jurisdictional amount in controversy.

11. The Complaint was served on Roundpoint on March 31, 2023. This notice of removal is filed within 30 days of service of the complaint and is therefore timely under 28 U.S.C. §1446(b).

12. Pursuant to 28 U.S.C. §1446(a), Southpoint attaches to this notice the following documents, which consist of service of process, the pleadings, and any orders, if any, served on it prior to removal of this action:

Complaint, attached hereto as **Exhibit A**

13. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiff and named Defendants a copy is being filed with the Circuit Court of Jefferson County, West Virginia.

14. A copy of the Notice of Filing Notice of Removal, which is being filed with the clerk of the state court in which the action is pending (and which will be served on Plaintiff and Defendants pursuant to 28 U.S.C. § 1446(d)), is attached hereto as **Exhibit B**.

15. This Court is part of the "district and division" embracing the place where the Complaint was filed—Jefferson County, West Virginia—and so this Court is the proper venue for purposes of removal. *See* 28 U.S.C. § 1446(a).

16. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

17. If Plaintiff seeks to remand this case, or this Court considers remand *sua sponte*, Defendant Roundpoint respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

**WHEREFORE,** Defendant Roundpoint Mortgage Servicing Corporation respectfully requests that this action be removed to the United States District Court for the Northern District of West Virginia.

Respectfully submitted,

Dated: April 27, 2023

*/s/ Robert L. Dawson*
Robert L. Dawson (14123)
BLANK ROME, LLP
1700 PNC Center
201 E. 5th Street
Cincinnati, OH 45202
Tel: (513) 362-8784
Fax: (513) 672-2518
Email: Robert.dawson@blankrome.com
*Counsel for Defendant Roundpoint*

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and accurate copy of the foregoing Notice of Removal has been duly served upon the following via the Court's ECF system on all registered parties and by ordinary mail and/or email this 27th day of April, 2023:

Stephen G. Skinner
Skinner Law Firm
P.O. Box 487
Charles Town, WV 25414
*Counsel for Plaintiff*

First Home Mortgage Corporation
4098 Washington St. W, Suite 407
Charleston, WV 45313

First Guaranty Mortgage Corporation
4098 Washington St. W, Suite 407
Charleston, WV 45313

Rushmore Loan Management Services, LLC
209 West Washington Street
Charleston, WV 25302

                                                      */s/ Robert L. Dawson*
                                                      Robert L. Dawson