IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DARRYL BEANS,**

    Plaintiff,

v.                                                            CIVIL ACTION NO.: 3:23-CV-109
                                                                      (GROH)

**FIRST HOME MORTGAGE
CORPORATION, ROUNDPOINT
MORTGAGE SERVICING CORPORATION,
RUSHMORE LOAN MANAGEMENT SERVICES, LLC,**

    Defendants.

### ORDER GRANTING THE PLAINTIFF'S MOTION TO REMAND

Currently before the Court is the Plaintiffs' Motion to Remand. ECF No. 7. Defendants oppose the motion and aver this Court has jurisdiction. ECF No. 13. The Plaintiff filed a Reply in support of his motion, and therefore, the motion is ripe for the Court's consideration. ECF No. 15. Upon thorough review and thoughtful consideration, the Court finds that the motion shall be granted for the following reasons.

The Plaintiff filed this suit as a "consumer rights case alleging that multiple mortgage servicers failed to pay escrowed taxes resulting in a tax sale of Plaintiff's property." See ECF No. 7-1 at 1. The Plaintiff filed this civil action in the Circuit Court of Jefferson County, West Virginia, alleging violations of the West Virginia Consumer Credit and Protection Act, unjust enrichment, breach of contract, gross negligence/breach of fiduciary duty. ECF No. 1-1 at 10–13. Defendants removed the case to this Court on April 27, 2023, based upon diversity jurisdiction. See ECF No. 1.

A Defendant may remove a civil action from state to federal court when the latter has original subject matter jurisdiction. Either diversity or federal question jurisdiction satisfies this requirement. See 28 U.S.C. § 1441. Federal district courts enjoy diversity jurisdiction over cases between citizens of different states when the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

The removing party bears the burden of establishing that jurisdiction is proper. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir.1994). Moreover, courts have long recognized that a plaintiff is the master of his claim. See Oklahoma Tax Comm'n v. Graham, 489 U.S. 838 (1989). Therefore, "if [a plaintiff] chooses not to assert a federal claim . . . or properly joins a nondiverse party, defendants cannot remove the action to federal court on the ground that an alternative course of conduct available to the plaintiff would have permitted removal of the case." 14B Charles Wright, Federal Practice and Procedure, § 3721, p. 59 (2009).

Significantly, the Fourth Circuit has plainly stated that "if federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d 148, 151 (citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); Cheshire v. Coca–Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D.S.C. 1990)). Indeed, the Mulcahey Court explained that removal jurisdiction must be strictly construed because it raises significant federalism concerns. Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).

Here, the Plaintiff argues that diversity jurisdiction is lacking because the amount in controversy requirement has not been met. Amount in controversy is determined by "considering the judgment that would be entered if the plaintiff prevailed on the merits of

his case as it stands at the time of removal." Sayre v. Potts, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999) (citing Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 936–37 (S.D. W. Va. 1996)). When a complaint lacks a specific amount of damages, it is the defendant's burden to show that the claim satisfies the requisite jurisdictional amount. Seifert v. Nationwide Mut. Ins. Co., 2007 WL 1381521 (N.D. W. Va. May 9, 2007) (citing Mullins v. Harry's Mobile Homes, Inc., 861 F.Supp. 22, 23 (S.D. W. Va. 1994)).

To calculate this amount, a court must consider the record and make an independent evaluation to determine whether the amount in controversy has been satisfied. Weddington v. Ford Motor Credit Co., 59 F. Supp. 2d 578, 584 (S.D. W. Va.1999); see also Mullins (specifically stating that court may consider complaint, removal petition and "other relevant matters in the file"). Courts in this District have "consistently applied the preponderance of evidence standard to determine whether a defendant has met its burden of proving the amount in controversy." Seifert, at *1 (internal quotations omitted); see also Caceda v. Specialized Loan Servicing, LLC, No. 3:21-CV-97, 2022 WL 1239465 (N.D. W. Va. Feb. 11, 2022).

Further, when a civil action originated in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . ." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1988). In conducting this analysis, a court "is not required to leave its common sense behind." Mullins, 861 F.Supp. at 24.

In this case, the complaint does not provide a specific number for damages. The Plaintiffs seek actual damages, punitive damages, civil penalties and attorney's fees. Particularly important to the Court's inquiry, the Complaint provides twenty-five specific

alleged violations of the West Virginia Consumer Credit Protection Act ("WVCCPA"). ECF Nos. 1-1; 15 at 2–3. Thus, there is no question that at least $25,000 is an amount in controversy because of the alleged statutory violations.

The Plaintiff summarizes his plausible damages in the reply he filed, and the Court finds the summary and explanation contained therein accurate and realistic. Thus, the Court adopts the Plaintiff's reasoning in his reply in support of the motion. Specifically, the Court agrees that the economic damages are just over three thousand dollars. The Defendant's arguments are speculative and unavailing. The facts of this case do not support the exorbitant recovery it asks the Court to anticipate, and the cases cited to resist remand are not persuasive given the easily distinguishable facts before this Court.

In Bank of Charles Town v. Encompass Ins., this Court reasoned that when presented "[w]ith actual damages in an amount of approximately $16,000, the attorneys fees are simply not sufficient to achieve the jurisdictional standard." Civil Action No. 3:10-CV-102, 2010 WL 4806884 (N.D. W. Va. Nov. 18, 2010); see also Seifert (remanding case where specific damages were $2,232.45 and defendant argued that punitive damages, attorney's fees, and compensatory damages would satisfy jurisdictional amount).

A defendant's removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal. Seifert, (citing Varela v. Wal–Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000)). The mere threat of punitive damages, without more, does not give rise to federal jurisdiction. Id. (citing Landmark Corp., 945 F. Supp. at 938.

Here, the Defendant has not met its burden of establishing that the amount in controversy exceeds the jurisdictional minimum of $75,000.00 through tangible evidence or competent proof by a preponderance of the evidence. The Defendant's assertion that Plaintiff's Complaint alleges the requisite jurisdictional amount is unavailing. Similarly, arguments to consider attorneys fees or other amounts are without merit. Thus, the Court is without jurisdiction and remand is required.

Plaintiff seeks attorney's fees for filing the motion to remand because he contends the Defendant lacked an objectively reasonable basis for asserting a jurisdictional amount in excess of the statutory threshold. The Court cannot find that the Defendant acted in a manner that warrants an award of attorney's fees to the Plaintiff in this case. To the extent the Plaintiff's Motion seeks attorney's fees, that portion of the Motion is **DENIED**.

Based upon the foregoing, the Plaintiff's Motion to Remand is **GRANTED IN PART** [ECF No. 7], and the above-styled civil action shall be and is hereby **REMANDED** to the Circuit Court of Jefferson County, West Virginia, for all further proceedings. The Clerk of Court is **DIRECTED to TERMINATE AS MOOT** all pending motions. ECF Nos. 24 & 27.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and to the Circuit Clerk of Jefferson County, West Virginia, and to remove this civil action from the Court's active docket.

**DATED**: November 17, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE